**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **AHMED ELSHAZLI** | ) | |
| **15760 Nimes Court** | ) | |
| **Woodbridge, VA 22191** | ) | **Case No.:** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **JURY DEMAND** |
| **v.** | ) | |
| | ) | |
| **DISTRICT OF COLUMBIA** | ) | |
| **441 4th Street, N.W.,** | ) | |
| **Washington D.C. 20001** | ) | |
| | ) | |
| <u>**SERVE:**</u> | ) | |
| | ) | |
| **The Honorable Muriel Bowser** | ) | |
| **Mayor of the District of Columbia** | ) | |
| **1350 Pennsylvania Avenue, N.W.** | ) | |
| **4th Floor** | ) | |
| **Washington D.C. 20004** | ) | |
| | ) | |
| **Karl Racine** | ) | |
| **Attorney General for DC** | ) | |
| **441 4th Street, N.W., 6th Floor** | ) | |
| **Washington D.C. 20001** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **OFFICER JOHN JAVELLE** | ) | |
| **Badge # 4147** | ) | |
| **Metropolitan Police Department** | ) | |
| **Individually and in his official capacity** | ) | |
| **Fifth District Station** | ) | |
| **1805 Bladensburg Road, N.E.,** | ) | |
| **Washington D.C. 20002** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **OFFICER MATTHEW KONKOL** | ) | |
| **Badge # 3616** | ) | |
| **Metropolitan Police Department** | ) | |
| **Individually and in his official capacity** | ) | |
| **Fifth District Station** | ) | |
| **1805 Bladensburg Road, N.E.,** | ) | |

Washington D.C. 20001                    )
                                         )
          Defendants.                    )
_____  )

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, Ahmed Elshazli, by and through his attorneys, Brian K. McDaniel, Esq., and The McDaniel Law Group, P.L.L.C. and brings this action against the Defendants, Officer John Javelle and Officer Matthew Konkol and alleges the following:

### INTRODUCTION

1.      On February 1, 2018, Plaintiff, Ahmed Elshazli, was operating his vehicle in the 800 block of Florida Avenue, N.E., Washington D.C. 20002 when he was stopped by Defendant officers John Javelle and Matthew Konkol. Defendant officers informed Plaintiff, Ahmed Elshazli that he had an outstanding warrant for his arrest from the Commonwealth of Virginia stemming from a traffic ticket that was issued at the airport. Plaintiff, Ahmed Elshazli exited his vehicle questioning the validity of the outstanding warrant and whether or not the Defendant officers had identified the correct person. Without any warning or provocation, Plaintiff, Ahmed Elshazli was tackled by the Defendant officers John Javelle and Matthew Konkol and taken to the ground aggressively, landing on his shoulder. While on the ground, Defendant officer John Javelle and Matthew Konkol used excessive and unnecessary force to place Plaintiff, Ahmed Elshazli in handcuffs causing significant injury to his left arm, shoulder, elbow and wrist.

2.      Defendant officers John Javelle's and Matthew Konkol's actions violated the Plaintiff, Ahmed Elshazli's rights under the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and were negligent. As a result, Plaintiff, Ahmed Elshazli is seeking compensatory and punitive damages from the Defendant officers and the District of Columbia as well as attorneys' fees and costs and other appropriate relief.

## JURISDICTION AND VENUE

3.     This action arises under the Constitution of the United States, the Civil Rights Act, 42 U.S.C. § 1983, the laws of the District of Columbia particularly D.C. Code §§ 12-301(8) and 12-309.

4.     This Court has jurisdiction over the Plaintiff, Ahmed Elshazli's claim under 28 U.S.C. § 1331 (federal question) and under 28 U.S.C. § 1343 (civil rights deprivation).

5.     On July 5, 2018, Plaintiff, Ahmed Elshazli, pursuant to D.C. Code § 12-309 provided written notice to the District of Columbia of his intent to sue based on this incident which is the basis of this Complaint.

6.     Venue is proper in the District of Columbia because that is where the Defendant officers are employed, and where the events complained of occurred.

## PARTIES

7.     Plaintiff, Ahmed Elshazli, (hereinafter referred to as 'Plaintiff') is, now and at all times relevant to this matter, an adult resident of Woodbridge, Virginia who resides at 15760 Nimes Court, Woodbridge, VA 22191.

8.     Defendant Officer John Javelle (hereinafter referred to as 'Defendant Javelle'), who is sued in his individual and official capacities, is now, and was at all times relevant to this matter, an officer with the Fifth District of the District of Columbia Metropolitan Police Department and worked out of the District Station located at 1805 Bladensburg Road, N.E., Washington D.C. 20002.

9.     Defendant Officer Matthew Konkol (hereinafter referred to as 'Defendant Konkol'), who is sued in his individual and official capacities, is now, and was at all times relevant to this matter, an officer with the Fifth District of the District of Columbia Metropolitan Police

Department and worked out of the District Station located at 1805 Bladensburg Road, N.E., Washington D.C. 20002.

10.     Defendant, District of Columbia, is a municipal corporation of the local government of Washington D.C., and operates and governs the Metropolitan Police Department pursuant to the laws of the District of Columbia. In this case, the District of Columbia acted through its agents, employees and servants, including Defendant officers John Javelle and Matthew Konkol

## STATEMENT OF FACTS

11.     On February 1, 2018, at or about 1:00 am, Plaintiff was operating his vehicle in the 800 block of Florida Avenue, N.E., Washington D.C. 20002.

12.     At the time of the occurrence, Plaintiff was 67 years of age.

13.     Defendants Javelle and Konkol were patrolling in the 800 block of Florida Avenue, N.E., Washington D.C. 20002 when they initiated a stop of the Plaintiff. Plaintiff stopped his vehicle without incident or delay.

14.     Defendants Javelle and Konkol approached the Plaintiff's vehicle to conduct their investigation after the initiation of the stop.

15.     After approaching the vehicle, Defendants Javelle and Konkol informed Plaintiff that he had an outstanding warrant for his arrest originating out of the Commonwealth of Virginia stemming from a traffic ticket that was issued at the airport in Virginia.

16.     Defendants Javelle and Konkol ordered Plaintiff out of his vehicle. Plaintiff complied with the Defendant officers' request.

17.     Upon exiting the vehicle, Plaintiff questioned the validity of the warrant and whether or not the Defendant officers had the correct person.

18.     Immediately after questioning the validity of the warrant, Plaintiff was aggressively tackled to the ground by Defendants, Javelle and Konkol. Plaintiff landed on his left shoulder causing him significant pain.

19.     As Plaintiff lay defenseless on the ground, Defendant officers Javelle and Konkol were on top of the Plaintiff. Plaintiff continually questioned the officers regarding their actions of aggressively tackling the Plaintiff to the ground.

20.     While Plaintiff was on the ground, Defendant officers grabbed Plaintiff's arm unnecessarily twisting his left arm causing further injury and pain to his left shoulder.

21.     Defendant officers, after twisting Plaintiff arm, placed handcuffs on his wrist. Defendant officers placed the handcuffs unnecessarily tight on his wrist causing significant pain and discomfort to Plaintiff's wrist.

22.     Plaintiff complained to the Defendant officers about the tightness of the handcuffs.

23.     Defendant officers ignored Plaintiff's complaints regarding the tightness of the handcuffs.

24.     Plaintiff was placed in the police cruiser and taken to the station. During the time that the Plaintiff was transported, he complained of pain to his arm and shoulder. Plaintiff also complained about the tightness of the handcuffs.

25.     After he was booked at the station, Plaintiff was transported to Howard University Hospital. Upon arrival at Howard University Hospital, Plaintiff was taken to the Emergency Department.

26.     At Howard University Hospital, Plaintiff complained of left shoulder, elbow, and forearm pain was prescribed 30mg of Toradol. After being provided the prescription medication, Plaintiff was taken for x-rays.

27.      After being examined at Howard University Hospital, Plaintiff was initially diagnosed with severe soft tissue swelling of the elbow.

28.      While at Howard University Hospital receiving treatment, Plaintiff was constantly under police custody and was not free to leave. The officers wore police uniforms and their service weapons.

29.      After being released from Howard University Hospital, on February 1, 2018, Plaintiff was taken before a judicial officer in the Superior Court for the District of Columbia where he was released and ordered to resolve the outstanding warrant with the Washington Metropolitan Airport Authority.

30.      After being released from custody, Plaintiff continued to experience pain in his left shoulder, left arm wrist and left elbow. He sought treatment Sentara Northern Virginia Hospital, Lake Ridge Physical Therapy, Centers for Advanced Orthopaedics, and INOVA Surgery Center and it was recommended that Plaintiff undergo left shoulder injury.

31.      At all times relevant to the events herein described, Plaintiff was not committing any crime and was obeying all laws.

32.      Defendants Javelle and Konkol acted intentionally and/or recklessly and with deliberate disregard to the Plaintiff's constitutional rights and in intentional or reckless disobedience of the District of Columbia Police Department regulations.

33.      The use of unreasonable and/or excessive force by the Defendants Javelle and Konkol are subject to specific regulation(s), and/or order(s) and/or standard(s), including but not limited to, General Orders 901.07, 201.26, and 501.07, Special Order 97-31, and the Spectrum of Force and Use of Force Continuum.

34.     No reasonable police officer could have believed that there was a need to use the excessive force in placing the Plaintiff in handcuffs even though he had not committed any crime and was not resisting arrest.

35.     At all relevant times, Defendants Javelle and Konkol:

   a.   Wore apparel of the District of Columbia Metropolitan Police Department;

   b.   Used the resources of the District of Columbia Metropolitan Police Department;

   c.   Were on active duty as officers of the District of Columbia Metropolitan Police Department;

   d.   Acted under the color of law, statute, ordinance, regulations, custom and usage of the District of Columbia.

36.     That Plaintiff suffered significant physical injuries and pain as a result of the Defendants, Javelle's and Konkol's conduct.

## CLAIMS FOR RELIEF

**COUNT I: 42 U.S.C. § 1983 – Excessive Force in violation of the Fourth Amendment**
(Against Defendants Javelle and Konkol)

37.     Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

38.     42 U.S.C. § 1983 provides that:

> Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress…

39.     Plaintiff in this action is a citizen of the United States and all of the individual Defendant officers to this claim are persons for the purposes of 42 U.S.C. § 1983.

40.     All individual Defendant officers to this claim, at all times relevant hereto, were acting under the color of state law in their capacity as District of Columbia police officers and their acts or omissions were conducted within the scope of their official duties or employment.

41.     Plaintiff did not engage in any criminal conduct.

42.     Plaintiff was not a threat to the safety of the police officers, himself or others.

43.     Plaintiff did not resist arrest or evade arrest by flight.

44.     Plaintiff had a clearly established constitutional right under the Fourth Amendment to be secure in his person from unreasonable seizure through excessive force.

45.     Plaintiff also had a clearly established Constitutional right to bodily integrity and to be free from excessive force by law enforcement.

46.     Any reasonable police officer knew or should have known of these rights at the time of the complained of conduct as the rights were clearly established at the time of the complained of conduct.

47.     Defendants Javelle's and Konkol's actions and use of force, as described herein were objectively unreasonable in light of the facts and circumstances confronting them and violated the Fourth Amendment rights of the Plaintiff.

48.     Defendants Javelle's and Konkol's actions and use of force, as described herein were also malicious and/or involved reckless, callous, and deliberate indifference to the Plaintiff's federally protected rights. The force used by these Defendant officers shocks the conscience and violated the Plaintiff's rights under the Fourth Amendment of the Constitution of the United States.

49.     Defendants Javelle and Konkol unlawfully seized the Plaintiff by means of objectively unreasonable, excessive and conscious shocking physical force, thereby unreasonably restraining the Plaintiff of his freedom.

50. The force used constituted deadly force in that it could have caused death and did cause serious bodily injury.

51. Defendants Javelle and Konkol engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of the Plaintiff's federally protected constitutional rights.

52. Defendants Javelle and Konkol did so with shocking and willful indifference to Plaintiff's rights and their conscious awareness that they would cause Plaintiff severe physical and emotional injuries.

53. The acts or omissions of all individual Defendants were the moving forces behind Plaintiff's injuries.

54. The individual Defendants acted in concert and joint action with each other.

55. The acts or omissions of Defendants as described herein intentionally deprived Plaintiff of his constitutional rights and caused him other damages.

56. Defendants Javelle and Konkol, by means of physical force and show of authority complained of herein, restrained the liberty of the Plaintiff.

57. Given the circumstances, no reasonable person in Plaintiff's position would have believed himself free to leave.

58. Plaintiff submitted to the authority of Defendants, Javelle and Konkol.

59. Defendants Javelle and Konkol as government officials intentionally applied means to terminate the Plaintiff's freedom of movement.

60. Defendants Javelle and Konkol are not entitled to qualified immunity for the complained of conduct.

61.     As a proximate result of Defendants Javelle's and Konkol's unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory and special damages. As a further result of the Defendants unlawful conduct, Plaintiff has incurred special damages, including medically related expenses and may continue to incur further medical and other special damage related expenses. Plaintiff is therefore entitled to money damages pursuant to 42 U.S.C. § 1983 to compensate him for his injuries and for the violation of his Constitutional and civil rights.

62.     On information and belief, Plaintiff may have suffered lost earnings, future earnings and impaired earning capacity from the not yet fully ascertained sequelae of his injuries. Plaintiff is further entitled to attorneys' fees and costs pursuant to 42 U.S.C. § 1988, pre-judgment interest and costs as allowable by federal law.

63.     In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against each of the individually named Defendants under 42 U.S.C. § 1983, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Plaintiff.

**COUNT II: Negligence**

(Against All Defendants)

64.     Plaintiff incorporates all other paragraphs of this Complaint as if fully set forth herein.

65.     At all times relevant to this case, Defendants Javelle and Konkol were acting within the scope of their employment with the District of Columbia Metropolitan Police Department.

66.     Defendants Javelle and Konkol failed to take reasonable care when they arrested Plaintiff. The Defendants Javelle and Konkol violated the national standard of care by using a 'take

down' when it was not required by the circumstances and by executing it without the required degree of skill and care required of a police officer faced with like circumstances.

67.     Defendant Javelle and Konkol violated the national standard of care by the inappropriate application of the handcuffs which lacked the required degree of skill and care required of a police officer faced with like circumstances.

68.     Plaintiff sustained great pain and suffering, emotional distress, humiliation and physical injury which was proximately caused by the aforesaid negligence.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff requests that this Court:

(a)     RULES that the actions of the Defendants violated the rights of the Plaintiff under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and the laws of the District of Columbia;

(b)     RULES that the actions of the Defendants were negligent;

(c)     ENTER JUDGMENT awarding the Plaintiff compensatory damages against all Defendants in an amount of $1,000,000.00;

(d)     ENTER JUDGMENT awarding punitive damages against the Defendants Javelle and Konkol in an amount of $1,000,000.00;

(e)     ENTER JUDGMENT awarding Plaintiff costs and reasonable attorneys' fees in this action as provided in 42 U.S.C. § 1983; and

(f)     GRANT the Plaintiff any such other relief as the Court may deem just and proper.

**JURY DEMAND**

Plaintiff respectfully demands a jury trial in the aforementioned matter.

Respectfully submitted,

THE MCDANIEL LAW GROUP, P.L.L.C.


/s/ Brian K. McDaniel
Brian K. McDaniel, Esq.
1920 L Street, N.W., Suite 303
Washington D.C. 20036
Tel: 202-331-0793
Fax: 202-331-7004